BANK OF SANBORN, a Corporation, Respondent, v. W. H. FRANCE, Appellant.

(172 N. W. 79.)

Subrogation — vendor's lien — failure of consideration.

This is a suit to recover on a promissory note given on a contract for the payment of land. As the contract was canceled by the vendor of the land, and as there was a total failure of consideration, the defendant, on paying the note, must be subrogated to all the rights of the bank to enforce the vendor's lien against the land, or to recover the same from the vendor.

Opinion filed March 28, 1919.

Appeal from the District Court of Barnes County, Honorable *J. A. Coffey,* Judge.

Affirmed conditionally.

*C. S. Buck,* for appellant.

. It is a well-settled principle of law that where the maker of commercial paper voluntarily places his paper in the hands of another for negotiation, or who stands by and sees the note indorsed to a party without having his right to defend against the payment of the notes indorsed thereon, or where a failure of the consideration complained of is occasioned by his noncompliance with his own agreement or obligation, he is estopped from defending against the notes when suit is brought on them by the purchaser or holder for value on the ground of failure of consideration. 8 Cyc. 64, note B. See also Auten v. Manistee Nat. Bank, 57 Ark. 243, 47 L.R.A. 329, 54 S. W. 337; Yeomans v. Lane, 101 Ill. App. 228; Firman v. Blood, 2 Kan. 496.

*Winterer, Combs, & Ritchie,* for respondent.

There is no way that France could prohibit the bank from buying these notes, and the only duty he owed the bank was to see that it had full knowledge of the transaction, and what the consideration for the notes actually was. 8 C. J. pp. 747, 748.

The defense of failure of consideration is available against the holder of paper who is not a holder in due course. Ibid.; Earl v. Stump, 13 N. W. 701.

When the holder of a land contract exercises his option and cancels the same for the failure to make payment by the vendee, he waives all of his right to recover upon the debt. Warren v. Ward, 97 N. W. 886; Roney v. Halvorson, 29 N. D. 13.

When the land contract was canceled by Mr. R. B. Beeson, it was canceled for the benefit not only of himself, but for the benefit of all his cotenants. 38 Cyc. 40.


ROBINSON, J.  As the complaint avers, on July 9, 1914, defendant made to R. B. Beeson a promissory note to pay to the order of R. B. Beeson $800, with interest at 6 per cent, and due November 1, 1915. Beeson indorsed the note without recourse to Deree, and he, without recourse, indorsed it to the bank. The defense is a total failure of consideration. The jury found a verdict for the plaintiff, on which judgment was entered, and defendant appeals.

As it appears, in July, 1914, R. B. Beeson, of Breckenridge, Minnesota,—a person skilled in land trading,—owned a half section of land under one L. B. Porter. He had a contract to sell the same to Deree,

who had paid $2,000. Having arranged with Deree to give up the contract, Beeson made a written contract to sell the land to France for $14,400. Five hundred dollars was paid in cash, $3,500 in a stock of goods, and the balance in several promissory notes. To secure each note the law gave the seller a vendor's lien on the land, and as he transferred each note he transferred to the purchaser the lien securing the same. The lien went with the note, and it was not affected by a cancelation of the land contract. The bank accepted the note, with full notice and knowledge of all the particulars, so it was not a purchaser in good faith of a negotiable promissory note, but the bank insisted and offered proof to show that by France himself it was induced to buy the note from Deree, and that the note was given to be used at the bank; and the court very properly instructed the jury as follows: "If you find that the defendant did not consent and acquiesce in the purchase of the note, then your verdict in this case should be for the defendant." It was on that instruction that the jury found a verdict against the defendant, and it does appear that there is evidence sufficient to sustain it. However, it is manifestly just that on payment of the judgment, or the note, the defendant should be subrogated to all the rights of the bank,—to all the rights of the bank as a holder of the note to enforce the lien of the same against the land, or to recover damages from R. B. Beeson. Hence the judgment will be affirmed on condition that forthwith on the filing of the remittitur, the Bank of Sanborn do file said promissory note with the clerk of the court for the benefit of defendant, with an assignment or transfer of the same, without recourse, to W. H. France, with all the rights that at any time accrued to said bank to enforce the lien of said note against the land in question, or to sue and recover the same from R. B. Beeson, if he has in any way transferred or disposed of the land.

On filing such note and assignment with the clerk of the court, the judgment will be affirmed, without costs.

BRONSON and GRACE, JJ. (concurring specially.) This is a companion case with Earley v. France, just decided, ante, 52, 172 N. W. 73. Both cases were tried upon the same evidence. My views of the law upon such evidence are stated in my opinion in that case. I concur in the result as stated by Justice Robinson and in the order of conditional affirmance based upon the propositions of law stated in my opinion in

the other case, for the reasons that the bank herein instituted this action prior to the cancelation and rescission of the contract involved, and that the jury found that the defendant had acquiesced in the sale of the notes involved herein to the bank.

BIRDZELL, J. and CHRISTIANSON, Ch. J. (concurring in part and dissenting in part). We concur in the affirmance of the judgment. No error was committed upon the trial and the jury decided the issues involved in favor of the plaintiff. In our opinion, there is no occasion for qualifying the order of affirmance as is done by the majority of the court. The reasons leading to this conclusion are more fully stated in the dissenting opinion in the case of Earley v. France, ante, 52, 172 N. W. 73.